UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00041-GNS

IAN NOE                                                                    PLAINTIFF

v.

JORDAN KENNEDY; and
CITY OF RUSSELLVILLE, KENTUCKY                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 6).  The motion is ripe for adjudication.  For the reasons outlined below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.      BACKGROUND

On March 5, 2023, Defendant Jordan Kennedy ("Kennedy"), an officer with the Russellville Police Department, arrested Plaintiff Ian Noe ("Noe") after a traffic stop initiated due to speeding.  (Compl. ¶¶ 4-8, DN 1).  At the time of the stop, Noe was allegedly experiencing a manic-depressive episode that caused him anxiety and hyperactivity.  (Compl. ¶ 5).  Noe exited his car unprompted after he was pulled over, and Kennedy immediately questioned why Noe exited his car.  (Compl. ¶¶ 5-6).  Within thirty seconds, Kennedy arrested and put Noe on the ground physically after initially verbally directing him to get on the ground.  (Compl. ¶¶ 6-7).  Kennedy then handcuffed and placed Noe in his police vehicle, and subsequently took Noe to Logan County Detention Center.  (Compl. ¶ 7).  Noe was cited for the offenses of driving under the influence, wanton endangerment, menacing, resisting arrest, and illegal possession of drugs and drugs paraphernalia.  (Compl. ¶ 8).  Noe was held in the Logan County Detention Center for three days

without access to his medication for treatment of his bipolar 1 disorder.  (Compl. ¶ 8).  A grand jury later indicted Noe on these charges.  (Compl. ¶¶ 8-9).

Noe filed this action against Kennedy and Defendant City of Russellville ("City") (collectively "Defendants") asserting claims under 42 U.S.C. § 1983 and state law arising from the traffic stop.  (Compl. ¶¶ 11-26).  Noe alleges various claims relating to his arrest and Kennedy's testimony to the grand jury, his treatment while incarcerated, and the City's liability for negligent training of Kennedy pursuant to an inadequate policy.  (Compl. ¶¶ 8-26).  Defendants move to dismiss Noe's claims for the false arrest, tort claims, and unreasonable seizure.  (Defs.' Mem. Supp. Mot. Dismiss 3-12, DN 6-1).  In addition, they seek dismissal of the request punitive damages and to stay the remainder of Noe's claims under the *Younger* doctrine.  (Defs.' Mem. Supp. Mot. Dismiss 12-14).

## II.     JURISDICTION

The Court exercises subject-matter jurisdiction over this action based upon federal question jurisdiction and supplemental jurisdiction over the state-law claims.  *See* 28 U.S.C. §§ 1331, 1367(a).

## III.     STANDARD OF REVIEW

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to survive a motion to dismiss.  Fed. R. Civ. P. 8(a)(2).  In reviewing a motion to dismiss, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  In the complaint, the plaintiff must supply "factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged,

2

and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2007)).

This standard still permits courts to "disregard bare legal conclusions and naked assertion[s]" and "afford[] the presumption of truth only to genuine factual allegations." *Dakota Girls, LLC v. Phila. Indem. Ins. Co.*, 17 F.4th 645, 648 (6th Cir. 2021) (first alteration in original) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). Further, a court may not "credit a [t]hreadbare recital of the elements of a cause of action . . . supported by mere conclusory statements." *Id.* (alteration in original) (internal quotation marks omitted) (citing *Iqbal*, 556 U.S. at 678).

## IV.   DISCUSSION

### A.   Unlawful Arrest and Unlawful Seizure (Claims I and VI)

In asserting claims for unlawful arrest and unlawful seizure, Noe alleges that Defendants violated his Fourth Amendment rights when Kennedy arrested him, and his bipolar medications were later seized by Kennedy and the City during arrest. (Compl. ¶¶ 10-13, 23). Defendants seek dismissal of this claim. (Defs.' Mem. Supp. Mot. Dismiss 3-5, 11-12).

The dispositive issue is whether Kennedy had probable cause to arrest Noe. *King v. Harwood*, 852 F.3d 568, 587 (6th Cir. 2017). A grand jury indictment creates a presumption of probable cause for the prosecution. *Id.* at 587-88; *see also Leath v. Webb*, 323 F. Supp. 3d 882, 895 (E.D. Ky. 2018). A plaintiff can rebut this presumption by showing: (1) the official knowingly or recklessly made false statements, falsified evidence, or fabricated evidence to set a prosecution in motion; (2) the statements and evidence, along with concealments and misleading omissions, were material to the prosecution; and (3) the statements and evidence were not merely grand jury

testimony or, in the broad sense, part of the preparation for such testimony. *King*, 852 F.3d at 587-88.

In this instance, Noe has not rebutted the presumption of probable cause based on the grand jury's indictment of him. *King*, 852 F.3d at 587-88. Noe has merely claimed that Kennedy made false and misleading statements regarding the circumstances of the stop to the grand jury that do not sufficiently go beyond "bare legal conclusions." (Compl. ¶ 9); *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Noe has not alleged sufficient facts to survive a motion to dismiss for unlawful arrest and unlawful seizure, and this motion is granted on this basis.

**B.**    ***Younger* abstention (Claims II and VII)**

Noe asserts claims for excessive force, assault, battery, and KRS Chapter 431 violations. (Compl. ¶ 14). Defendants request these claims be stayed under *Younger* because the criminal case "concerns the arrest, detention, and prosecution" of these claims. (Defs.' Mem. Supp. Mot. Dismiss 14).

Under *Younger* doctrine, a federal court must decline to stay or otherwise interfere with an ongoing state proceeding, absent certain, unique circumstances. *Younger v. Harris*, 401 U.S. 37, 44 (1971) (holding a federal court should not interfere with a pending state criminal proceeding except in unique situations where an injunction is necessary to prevent great and immediate irreparable injury.). As the Sixth Circuit has explained, "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997) (citing *Mann v. Conlin*, 22 F.3d 100, 105 (6th Cir. 1994)). If this criterion is satisfied and proceeding would "unduly interfere with the legitimate

4

activities of the States," these claims must be dismissed without prejudice whether the state court proceeding is criminal, quasi-criminal, or civil. *Younger*, 401 U.S. at 44; *see Tindall v. Wayne Cnty. Friend of the Ct.*, 269 F.3d 533, 538 (6th Cir. 2001). *Younger* is not a catch-all doctrine; there are defined exceptions to its applicability. The Supreme Court has recognized bad faith, harassment, and patently unconstitutional statutes as exceptions to the *Younger* doctrine. *Younger*, 401 U.S. at 53.

The facts and current procedural posture of this case indicate these claims should be stayed under the *Younger* abstention doctrine. The first factor is clearly satisfied because Noe has an ongoing criminal prosecution in Logan Circuit Court originating from the March 5 traffic stop. (Compl. ¶¶ 4, 8-10; Defs.' Mem. Supp. Mot. Dismiss 14). The second factor is whether the state proceedings involve an important state interest. The Sixth Circuit has recognized important state interests are those that are essential to a "primary governmental function." *Blanton v. United States*, 94 F.3d 227, 234 (6th Cir. 1996). The Sixth Circuit has recognized these important interests include both the licensure of attorneys and regulating the legal profession because these interests pertain to the state regulating law within its own borders. *Am. Fam. Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 333 n.3, 334 (6th Cir. 2007) (citing *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)).

The Commonwealth of Kentucky clearly has an important interest in adjudicating Noe's criminal action, and the U.S. Supreme Court has repeatedly recognized criminal proceedings are an important state interest that implicates enforcement of laws within state borders. *Younger*, 401 U.S. at 43; (Defs.' Mem. Supp. Mot. Dismiss 8); *Arizona v. Manypenny*, 451 U.S. 232, 243 (1981) (owing states the "highest regard" "to make and enforce its own criminal laws"); *see also Williams v. Covington Police Dep't*, No. 2:20-CV-00053-CFVT, 2023 WL 4468401, at *1 (E.D. Ky. July

11, 2023) (referencing in the procedural posture the staying of a claim of excessive force for resolution of plaintiff's criminal trial which included an indictment of assault).

Finally, Noe may clearly vindicate his constitutional claims in state court, satisfying the third *Younger* factor.  *See Maldonado v. Hadzikadunic*, No. 1:20-CV-P151-GNS, 2021 WL 535847, at *1-2 (W.D. Ky. Feb. 12, 2021); *Daniels v. Noyola*, No. 1:14CV-P141-GNS, 2015 WL 1003854, at *2 (W.D. Ky. Mar. 6, 2015) ("In light of the available avenues through which Noe may raise a constitutional challenge in his pending case, this Court will not interfere with an on-going Kentucky state court proceeding.").  Noe's constitutional arguments under the Fourth Amendment and Fourteenth Amendment are applicable to the ongoing proceedings in state court as they concern the constitutionality of his stop and his deprivation of the medication.  (Compl. ¶¶ 10-26).  Noe's ability to raise these arguments in the ongoing state proceeding satisfies the third and final factor of *Younger*.

None of the *Younger* exceptions apply to these circumstances.  Noe has not alleged a flagrantly unconstitutional statute or an extraordinarily pressing need for federal relief.  Bad faith is another recognized exception, but the Supreme Court has applied the bad faith/harassment exception only to situations "where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions."  *Ken-N.K., Inc. v. Vernon Twp.*, 18 F. App'x 319, 324-25 n.2 (6th Cir. 2001) (citing Erwin Chemerinsky, *Federal Jurisdiction* § 13.4, at 806-08 (3d ed. 1999)); *see also, e.g.*, *McNatt v. Texas*, 37 F.3d 629, 629 (5th Cir. 1994) (holding that the bad faith/harassment exception to *Younger* "is extremely narrow and applies only in cases of proven harassment or prosecutions undertaken without hope of obtaining valid convictions") (citing *Perez v. Ledesma*, 401 U.S. 92 (1971)).  Noe has not alleged any facts to support the applicability of the bad faith exception.

In conclusion, because no exception applies in this case, *Younger* dictates this proceeding must be stayed.  Noe's claims for excessive force, assault, battery, and KRS Chapter 431 are necessarily tied to the factual determinations in Noe's ongoing criminal case.  Since the force used surrounding arrest would be intertwined with the state proceeding, these claims must also be stayed.  The Supreme Court has empowered federal courts to choose to dismiss or remand when the relief is "equitable or otherwise discretionary" based on *Younger* and its progeny.  *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996)).  Accordingly, the claims for excessive force, assault, battery, and violations of KRS Chapter 431 are stayed.

## C.   Malicious Prosecution (Claim III)

Defendants assert Noe has not alleged a prima facie case of malicious prosecution because Noe has not plead the element of an outcome favoring Noe.  (Defs.' Mem. Supp. Mot. Dismiss 8). The elements of a malicious prosecution claim under the Fourth Amendment are:  (1) "that a criminal prosecution was initiated against the plaintiff and that the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute'"; (2) "that there was a lack of probable cause for the criminal prosecution"; (3) "that, 'as a consequence of a legal proceeding,' the plaintiff suffered a 'deprivation of liberty' . . . apart from the initial seizure"; and (4) that "the criminal proceeding must have been resolved in the plaintiff's favor."  *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (alterations in original) (quoting *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007); *Johnson v. Knorr*, 477 F.3d 75, 81 (3d Cir. 2007)).

The allegations pertaining to driving under the influence and possession of a controlled substance are the only remaining allegations against Noe in state court after the other counts were dismissed.  These remaining claims remain unresolved.  The Kentucky Supreme Court has held

that a dismissal without prejudice is a final order. *See Commonwealth v. Sowell*, 157 S.W.3d 616, 617 (Ky. 2005). While Kentucky courts have been less clear about the stage in which a proceeding is resolved, sister courts provide some clarity. The California Supreme Court has stated a proceeding is terminated when it has passed through the set order of stages: a preliminary hearing and dismissal or a trial and subsequent verdict. *Jaffe v. Stone*, 114 P.2d 335, 339 (Cal.1941). When this outcome has occurred, that proceeding is finally terminated. *See id.* Here, Noe has not alleged that there was a final outcome in the criminal proceeding in the two, pending charges. (Compl. ¶¶ 9, 16-17). Because these claims are unresolved, Noe's malicious prosecution claim is stayed until the conclusion of the state court proceedings.

### D.   Defamation (Claim IV)

Defendants also move to dismiss Noe's claim for defamation. (Defs.' Mem. Supp. Mot. Dismiss 8-10)). "Under the law of Kentucky, a witness before a grand jury who provides false testimony is liable for a criminal action in perjury, but not for any civil action such as malicious prosecution since testimony in a judicial proceeding is privileged as a matter of public policy." *Bryant v. Kentucky*, 490 F.2d 1273, 1274 (6th Cir. 1974) (citing *McClarty v. Bickel*, 155 Ky. 254 (1913)). Noe has not offered any additional factual allegations nor responded to Defendants' motion to dismiss through an amended complaint as to why these circumstances should depart from the Sixth Circuit's previous holdings. Accordingly, the claim for defamation is dismissed.

### E.   Intentional Infliction of Emotional Distress ""(Claim V)

Defendants move to dismiss Noe's claim for intentional infliction of emotional distress ("IIED") because the level of alleged conduct does not rise to the level required to state a claim and Noe's other common law tort claims preempt the availability of an IIED claim. (Defs.' Mem. Supp. Mot. Dismiss 10-11). To state an IIED claim, the plaintiff must allege that: (1) the

wrongdoer's conduct was intentional or reckless; (2) "the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;" (3) "there must be a causal connection between the wrongdoer's conduct and the emotional distress;" and (4) "the distress suffered must be severe." *Osborne v. Payne*, 31 S.W.3d 911, 913-14 (Ky. 2000).

Noe claims that Kennedy used physical force to restrain him onto the ground, causing physical injury and extreme emotional distress. (Compl. ¶¶ 6-7, 20-21). IIED requires a high threshold of conduct. *Stringer v. Wal-Mart Stores, Inc.,* 151 S.W.3d 781, 788 (Ky. 2004), *overruled, in part, on other grounds by Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014). While he has claimed suffering emotional distress, Noe has not asserted any facts pertaining to his arrest that meet this threshold when courts only permit such claims to proceed upon showing additional facts. (Compl. ¶¶ 4-10). To state this claim, such conduct must allegedly be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Humana of Ky., Inc. v. Seitz*, 796 S.W.2d 1, 2-3 (Ky. 1990) (quoting Restatement (Second) of Torts § 46 cmt. D (Am. L. Inst. 1965). The Complaint falls short of this standard because Noe has not alleged facts regarding the emotional distress he experienced or the extent and severity of his emotional distress. (Compl. ¶¶ 6-7, 20-21). Therefore, Noe has failed to allege facts to support the fourth element of IIED, and thus, he has not alleged a prima facie case.

Even if the level of conduct is sufficient to meet the IIED threshold, Noe still does not state an IIED claim. Under Kentucky law, "where an actor's conduct amounts to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in

9

the victim, the tort of outrage will not lie." *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. App. 1993).  In other words, a plaintiff may not maintain an IIED claim in addition to another tort, such as assault or battery, under "a single set of facts."  *Childers v. Geile*, 367 S.W.3d 576, 581 (Ky. 2012) (holding a plaintiff could not bring both a negligence and IIED claim). Because Noe has asserted both assault and battery claims that provided for the recovery of damages for emotional distress, Noe has failed to state an IIED claim.  Accordingly, this claim is dismissed.

     **F.**    ***Monell* Violation (Claim VIII)**

     Defendants argue the claim against the City should be dismissed.  (Defs.' Mot. Dismiss 5). Noe avers the City negligently trained and allowed its police officers to violate Noe's constitutional and statutory rights.  (Compl. ¶ 26).  Though not clear from the Complaint, Noe claims a *Monell* violation against the City based on its alleged failure to change its policies, which contributed to and proximately caused his injuries.  (Compl. ¶¶ 6-7, 20-21).  "[A] plaintiff 'must establish that:  (1) the City's training program was inadequate for the tasks that officers must perform;  (2) the inadequacy was the result of the City's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury.'"  *Jackson v. City of Cleveland*, 925 F.3d 793, 834 (6th Cir. 2019) (quoting *Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006)).  The only exception to pointing out a specific policy is "deliberate indifference," demonstrated by showing "prior instances of unconstitutional conduct demonstrating that the City had notice that the [policy] was deficient and likely to cause injury but ignored it" or (2) "evidence of a single violation of federal rights, accompanied by a showing that the City had failed to train its employees to handle recurring situations presenting an obvious potential for such a

violation . . . ." *Id.* at 836 (citing *Campbell v. City of Springboro*, 700 F.3d 779, 794 (6th Cir. 2012)); *Griffith v. Franklin Cnty.*, 975 F.3d 554, 583 (6th Cir. 2020).

The failure-to-train element requires a focus on the "adequacy of the training program in relation to the tasks the particular officers must perform." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Noe mentions the custom and official policy of the City as being responsible for the inadequate training but does not mention anything else regarding an official policy or program. (Compl. ¶ 26). Rather, the Complaint simply restates the language of the failure-to-train element. (Compl. ¶ 26). This bare level of allegation regarding official policy is both too vague and not included within Noe's alleged facts or other pleadings. (Compl. ¶¶ 26). This Court has similarly dismissed claims that lacked a minimum level of detail on a given policy. *See Jyrome of the Fam. Paige v. Child Support Program*, No. 1:20-CV-00034-GNS, 2020 WL 1816057, at *4 (W.D. Ky. Apr. 9, 2020).

To show "deliberate indifference," a plaintiff must allege inadequate training created a "risk of constitution violations" through either "prior instances of unconstitutional conduct demonstrating that the City had notice that the training was deficient and likely to cause injury but ignored it." *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006); *Campbell v. City of Springboro*, 700 F.3d 779, 794 (6th Cir. 2012). A plaintiff may alternatively show "evidence of a single violation of federal rights, accompanied by a showing that the City had failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Gregory*, 444 F.3d at 752; *Campbell*, 700 F.3d at 794. The only allegations listed in the complaint are legal conclusions, not factual allegations. (Compl. ¶¶ 24-26).

The third and final element of a failure-to-train claim requires that the government's shortcomings are "closely related to or actually caused the [plaintiff's] injury." *Jackson*, 925 F.3d

at 834 (citing *Ciminillo*, 434 F.3d at 469).  Once again, Noe merely recites the element of the claim without any additional factual allegations.  (Compl. ¶ 26).  Merely restating a legal element does not satisfy the required element in order to establish a claim.  *Brown v. Cuyahoga Cnty.*, 517 F. App'x 431, 436 (6th Cir. 2013) (affirming dismissal of *Monell* claim based on "nothing more than a bare recitation of legal standards").  Because Noe has not stated a claim, his claim against the City of Russellville as a defendant must be dismissed.

### G.    Punitive Damages (Claim IX)

Finally, Defendants contend that punitive damages are not available against Kennedy or the City.  (Defs.' Mot. Dismiss 12-14).  Punitive damages are a remedy and not a cause of action under Kentucky law.  *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378-79 (W.D. Ky. 2012). This would mean that the only available punitive damages would be for the claims that survive the motion to dismiss as well as the claims that have been stayed until the state court proceedings are completed.

It is still worth considering whether punitive damages are recoverable against Kennedy and the City.  The U.S. Supreme Court has held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983."  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, (1981). Under Kentucky law, the courts have similarly restricted punitive damages against municipalities. *See D.H. v. Matti*, No. 3:14-CV-732-CRS, 2015 WL 4530419, at *10 (W.D. Ky. July 27, 2015) ("In light of the statute, *Burns*, *City of Newport*, and *Phelps*, this Court finds the Kentucky Supreme Court would not allow for punitive damages against a municipality. . . . Accordingly, the Court concludes the plaintiff may not recover punitive damages the City of Brandenburg."); *Johnson v. Ky.-Cnty. of Butler*, No. 1:12CV-37-JHM, 2014 WL 4129497, at *12 (W.D. Ky. Aug. 18, 2014) (dismissing plaintiff's state-law punitive damages claims against Butler County); *Marksbury v.*

12

*Elder*, No. 5:09-CV-24-REW, 2011 WL 5598419, at *9 (E.D. Ky. Nov. 17, 2011) ("[N]either §

1983 nor Kentucky law permits an award of punitive damages against a municipality." (citations

omitted)); *Dempsey v. City of Lawrenceburg*, No. 3:09-33-DCR, 2010 WL 3825473, at *8 (E.D.

Ky. Sept. 23, 2010) ("Plaintiffs claim for punitive damages against the City of Lawrenceburg fails

as a matter of law . . . .").  Accordingly, Noe's request for punitive damages against the City of

Russellville is dismissed.

The question whether Kennedy is subject to punitive damages is more difficult.  "Under

federal qualified immunity, 'government officials performing discretionary functions generally are

shielded from liability for civil damages insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have known.'"

*Penman v. Correct Care Sols.*, No. 5:18-CV-58-TBR, 2018 WL 6242153, at *6 (W.D. Ky. Nov.

26, 2018) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Whether a defendant may

invoke qualified immunity depends on two criteria:  "First, based on applicable law and the facts

viewed in the light most favorable to the plaintiff, has a constitutional violation occurred?  Second,

if the answer to the first question is yes, was the constitutional right 'clearly established' at the

time of the violation[?]"  *Id.* (internal citation omitted) (citing *Saucier v. Katz*, 533 U.S. 194, 200

(2001).  Noe argues Kennedy violated his Fourth Amendment and Fourteenth Amendment right

when he arrested and concurrently deprived Noe of his bipolar medications.  (Compl. ¶¶ 10-13,

23).  In light of the ongoing proceeding in state court on the two remaining counts, it cannot be

determined whether Noe may be able to establish a right to recover punitive damages from

Kennedy.  Until these facts have been determined, the motion to dismiss Noe's punitive damages

claim against Kennedy must be denied.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 6) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's claims for unlawful arrest, defamation, intentional infliction of emotional distress, unlawful seizure, and joining the City of Russellville as a party are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's punitive damages claim is **DISMISSED IN PART**.  Plaintiff's claims for excessive force, assault, battery, malicious prosecution, and statutory violations of KRS Chapter 431 are **STAYED** pending the resolution of Plaintiff's criminal charges.  Plaintiff's claim against the City of Russellville is **DISMISSED WITHOUT PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

October 1, 2024

cc:     counsel of record

14