UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00041-GNS

IAN NOE							PLAINTIFF

v.

JORDAN KENNEDY; and
CITY OF RUSSELLVILLE, KENTUCKY			DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Renewed Motion to Dismiss (DN 8). The motion is ripe for adjudication.

**I.      BACKGROUND**

This matter arises from a March 5, 2023, traffic stop of Plaintiff Ian Noe ("Noe") by Defendant Jordan Kennedy ("Kennedy"), an officer with the Russellville Police Department. (Compl. ¶¶ 4-8, DN 1). Noe filed this action against Kennedy and Defendant City of Russellville ("City") (collectively "Defendants") asserting claims under 42 U.S.C. § 1983 and state law arising from the traffic stop. (Compl. ¶¶ 11-26).

After Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), the Court dismissed, *inter alia*, the following claims: (i) Section 1983 claims for unlawful arrest and unlawful seizure of his medication, and (ii) state law claims for defamation, intentional infliction of emotional distress, and negligence. (Mem. Op. & Order 14, DN 7). The Court stayed the remaining claims for excessive force, assault, battery, malicious prosecution, and statutory violations of KRS 341[1] pending the resolution of Noe's criminal charges relating to the traffic stop. (Mem. Op. & Order 14).

---

[1] The pending motion does not address this claim.

1

Noe has subsequently pleaded guilty to two felonies: wanton endangerment, first degree; and intimidating a participant in the legal process. (Defs.' Renewed Mot. Dismiss Ex. C, at 7-10, DN 8-3). Noe has also pleaded guilty to two misdemeanors: DUI, first offense, aggravated; and speeding, greater than 26 mph. (Defs.' Renewed Mot. Dismiss Ex. C, at 7-10).

Defendants have renewed their motion to dismiss based on the resolution of the criminal charges. (Defs.' Renewed Mot. Dismiss, DN 8). Noe did not respond to the motion.[2]

## II.     JURISDICTION

The Court exercises subject-matter jurisdiction over this action based upon federal question jurisdiction and supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. §§ 1331, 1367(a).

## III.    STANDARD OF REVIEW

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to survive a motion to dismiss. Fed. R. Civ. P. 8(a)(2). In reviewing a motion to dismiss, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). In the complaint, the plaintiff must supply "factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal

---

[2] Noe's failure to respond warrants the dismissal of the claims addressed in Defendants' motion because any argument in opposition has been waived. *See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008); *see also Bazinksi v. JP Morgan Chase Bank, N.A.*, No. 13-14337, 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014) ("Claims left to stand undefended against a motion to dismiss are deemed abandoned." (citation omitted)). Nevertheless, the Court will consider whether each claim addressed survives a Fed. R. Civ. P. 12(b)(6) motion.

claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2007)).

This standard still permits courts to "disregard bare legal conclusions and naked assertion[s]" and "afford[] the presumption of truth only to genuine factual allegations." *Dakota Girls, LLC v. Phila. Indem. Ins. Co.*, 17 F.4th 645, 648 (6th Cir. 2021) (first alteration in original) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). Further, a court may not "credit a [t]hreadbare recital of the elements of a cause of action . . . supported by mere conclusory statements." *Id.* (alteration in original) (internal quotation marks omitted) (citing *Iqbal*, 556 U.S. at 678).

### A. <u>Malicious Prosecution</u>

While the Complaint purports to assert a claim for malicious prosecution, Noe has not specified whether that claim arises under federal or state law. Nevertheless, both claims have an element an element requiring the resolution of the criminal proceeding in favor of the plaintiff. *See Heck v. Humphrey*, 512 U.S. 477, 494 (1994); *Martin v. O'Daniel*, 507 S.W.3d 1, 12 (Ky. 2016).

In ruling on a motion to dismiss, this Court may take judicial notice of public records submitted by a party. *See Tulis v. Orange*, 686 F. Supp. 3d 701, 713 (M.D. Tenn. 2023) (citing *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)). In support of Defendants' motion, they have submitted documents from Noe's criminal case in Logan Circuit Court, which reflect Noe's guilty plea and conviction for two felonies and two misdemeanors. (Defs.' Renewed Mot. Dismiss Ex. C, at 7-10). Accordingly, because the criminal proceeding was not resolved in Noe's favor, he has failed to state a malicious prosecution claim under either federal or state law. The motion to dismiss is granted on this basis.

B.     **Excessive Force**[3]

Defendants also seek dismissal of Noe's claims for excessive force under 42 U.S.C. § 1983. (Defs.' Renewed Mot. Dismiss 4-5). They contend that this claim is barred by the doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Defs.' Renewed Mot. Dismiss 4-5).

As the Sixth Circuit has explained:

> In *Heck*, the Supreme Court held that a plaintiff cannot assert a § 1983 claim if success on that claim would "necessarily imply the invalidity" of an underlying state criminal conviction, unless the plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

*Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014) (quoting *Heck*, 512 U.S. at 486-87). The key inquiry in determining the applicability of this doctrine is whether "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* (quoting *Heck*, 512 U.S. at 487).

Noe pleaded guilty to the crime of first-degree wanton endangerment. (Defs.' Renewed Mot. Dismiss Ex. C, at 7-10). "[A]ccording to the Kentucky Supreme Court, '[o]ne cannot be guilty of first-degree wanton endangerment if his conduct does not, in part, create a substantial

---

[3] Defendant also seek dismissal of the excessive force claim on the basis of qualified immunity. As the Sixth Circuit has explained, however:

> [I]t is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity. Although an officer's 'entitle[ment] to qualified immunity is a threshold question to be resolved at the earliest possible point,' that point is usually summary judgment and not dismissal under Rule 12.

*Wesley v. Campbell*, 779 F.3d 421, 433-34 (6th Cir. 2015) (second alteration in original) (internal citation omitted) (citation omitted). Accordingly, this Court declines to consider at this stage whether this defense would apply.

danger of death or serious physical injury to another person.'" *Thompson v. Jenkins*, No. 4:22-CV-P57-JHM, 2024 WL 4545988, at *2 (W.D. Ky. Oct. 22, 2024) (quoting *Johnson v. Commonwealth*, 680 S.W.3d 814, 822 (Ky. 2023)). This Court has held that "by pleading guilty to first-degree wanton endangerment of police officers, [a plaintiff] has admitted to conduct for which the officers were entitled to protect themselves, including the use of deadly force . . . ." *Id.*; *see also Hart by & through Dillon v. Lawson*, No. 6:20-CV-147, 2024 WL 251147, at *10 (E.D. Ky. Jan. 23, 2024); *Phillips v. Curtis*, 765 F. App'x 130, 132 (6th Cir. 2019) ("For placing [an officer] in substantial danger of serious death or injury would mean that, at that moment, [the officer] could use deadly force." (citing *Tennessee v. Garner*, 471 U.S. 1, 11 (1985))).

The Complaint does not allege any material period of time between Noe's commission of the crime of wanton endangerment and Kennedy's alleged use of excessive force. *See Thompson*, 2024 WL 4545988, at *3. Therefore, the *Heck* doctrine bars Noe's excessive force claim because it seeks to impugn his guilty plea, and the motion to dismiss is granted.

C.  **Assault and Battery**

As to the claims of assault and battery, Defendants argue that the Complaint lacks sufficient allegations to support such claims. (Defs.' Renewed Mot. Dismiss 4-5). As a sister court has explained:

> Assault is a tort which merely requires the threat of unwanted touching of the victim, while battery requires an actual unwanted touching." Battery under Kentucky law is any "unlawful touching of the person of another, either by the aggressor himself, or by any substance set in motion by him." And it has been concluded that "[t]he use of excessive force by a police officer constitutes the intentional tort of battery."

*Hart by and through Dillon v. Lawson*, No. No. 6:20-CV-147-JMH, 2021 WL 3713052, at *3 (E.D. Ky. Aug. 19, 2021) (internal citations omitted) (citation omitted).

The battery claim mirrors Noe's excessive force claim and is included in the same paragraph of the Complaint. (Compl. ¶ 15). Under Fed. R. Civ. P. 12(b)(6), "a plaintiff's battery claim cannot succeed if it truly mirrors an excessive force claim already being alleged." *Lyons v. Franklin Cnty.*, No. 3:19-CV-00064-GFVT-EBA, 2020 WL 1249891, at *4 (E.D. Ky. Mar. 16, 2020). Thus, the battery claim is dismissed.

As to the assault claim, it is true that "an action for assault can lie *without* battery (if, for example, there was a threat of physical contact which ultimately did not occur)." *Hart*, 2021 WL 3713052, at *4 (citing *Dahl v. Kilgore*, No. 3:18-CV-501-CRS, 2018 WL 6574785, at *5 (W.D. Ky. Dec. 13, 2018)). The Complaint, however, lacks any allegations of a perceived threat, and Noe has therefore failed to state a plausible assault claim. The motion is also granted as to the assault claim.

### IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Renewed Motion to Dismiss (DN 8) is **GRANTED**, and Plaintiff's claims for malicious prosecution, excessive force, assault, and battery are **DISMISSED**.

2. On or before **April 23, 2025**, the parties shall file briefs addressing whether the sole remaining claim in Paragraph 23 of the Complaint (statutory violations under KRS 431) should be allowed to proceed in light of Plaintiff's criminal conviction. No responses will be permitted.

Greg N. Stivers, Chief Judge
United States District Court

April 2, 2025

cc:    counsel of record